UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BERNADETTE SCOTT,

        Plaintiff,                          No. 23-11661

v.                                         Honorable Nancy G. Edmunds

VIEWS BAR AND GRILL, LLC,

        Defendants.
_____/

**OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT [10]**

Plaintiff Bernadette Scott filed the complaint in this matter on July 12, 2023. (ECF No. 1.) Defendant was served on July 15, 2023. (ECF No. 3), and its answer was due August 7, 2023. Fed. R. Civ. Pro. 12(a)(1)(A)(i). To date, Defendant has not filed an answer or otherwise appeared. Plaintiff obtained a clerk's entry of default on August 23, 2023. (ECF No. 6.) On October 16, 2023, Plaintiff filed a motion for entry of default judgment, seeking a default and permanent injunction under Federal Rule of Civil Procedure 55. (ECF No. 10.) Based on Plaintiff's motion, filings, and the record in this matter, it is hereby ORDERED that Plaintiff's Motion is GRANTED.

**I. Background**

This is an Americans with Disabilities Act ("ADA") claim against Defendant's restaurant and bar. Plaintiff states that she is a resident of Genesee County, Michigan. She alleges that she has visited Views Bar and Grill on several occasions and has plans to return. Plaintiff states that she is paraplegic confined to a wheelchair.

Plaintiff lists 23 specific barriers that she encountered at Views Bar and Grill in the parking lot, entryway, restaurant area, and restrooms. As to each of these barriers, Plaintiff states that they cause her and would cause others with disabilities difficulty in safely enjoying the goods and services offered to the public at the property because of her impairments. An ADA expert performed a field inspection and confirmed the validity of each of the 23 barriers. (ECF No. 10, PageID.45; ECF No. 10-3.)

**II. Legal Standard**

Under Federal Rule of Civil Procedure 55(a), after a clerk's entry of default has been entered against a defendant, that defendant is deemed to have admitted all well-pleaded allegations related to liability. *Antoine v. Atlas Turner, Inc.*, 66 F.3d 105, 110–11 (6th Cir. 1995). Plaintiff must apply to the Court for entry of a default judgment. Fed. R. Civ. P. 55(b)(2). Federal Rule of Civil Procedure 55(b)(2) states that when entering a default judgment, the Court "may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." The decision whether to grant a default judgment is in the sound discretion of the Court. *Antoine*, 66 F.3d at 108. The Court is compelled under Rule 55(b) to undertake a thorough analysis before awarding damages. *Id.* "Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of the damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Vesligaj v. Peterson*, 331 Fed. App'x 351, 355 (6th Cir. 2009).

**III. Analysis**

An injunction is an extraordinary remedy. A court acting in equity exercises its discretion with care. *United States v. Aiken*, 867 F.2d 965 (6th Cir. 1989) suggests that the Court has authority to exercise its discretion to enter injunctive relief as a remedy for default judgment where warranted. After reviewing the complaint and the expert's report in question, the Court finds that there is sufficient support for the 23 ADA violations Plaintiff addresses to grant the default judgement.

Rule 55(b) contemplates the award of damages in default judgment cases. Plaintiff seeks injunctive relief, attorney fees, litigation expenses, and costs. (ECF No. 1, PageID.1.) Under the ADA, the prevailing party is entitled to such relief if it is reasonable. 42 USC § 12205; *Reed v. Rhodes*, 179 F.3d 453, 471 (6th Cir. 1999). The moving party must demonstrate that both the hours invested in the case and the requested hourly rates are reasonable. *Betancourt v. Indian Hills Plaza LLC*, 659 F. Supp. 3d 817, 823−24 (E.D. Mich. 2003) (citations omitted). Having reviewed Plaintiff's memorandum and invoices, the Court is satisfied that the request is reasonable under the necessary lodestar analysis. *Reed*, 179 F.3d at 471.

**IV. Conclusion**

For these reasons, the Court directs the Clerk to enter Judgment against Defendants as follows:

1. That judgment by default be entered in favor of Plaintiff and against Defendant Views Bar and Grill, LLC.
2. That Defendant must (1) alter the subject premises, View Bar and Grill, located at 24200 Grand Avenue, Detroit, MI 48219, as necessary to make the premises

accessible by individuals with disabilities and otherwise in compliance with the ADA and (2) close the subject premises until completion of all such alterations.

3. That Plaintiff recover attorney fees pursuant to 42 U.S.C. § 12205 in the amount of $7,043 relating to the prosecution in this matter.

4. That Plaintiff recover costs and litigation expenses pursuant to Fed. R. Civ. Pro. Rule 54(d) in the amount of $866.90.

5. That Plaintiff recover expert fees pursuant to 42 U.S.C. § 12205 in the amount of $850.00.

6. That Plaintiff's total expert fees, attorney fees, costs, and litigation expenses are $8,759.90.

SO ORDERED.

s/Nancy G. Edmunds
Nancy G. Edmunds
United States District Judge

Dated: May 20, 2024


I hereby certify that a copy of the foregoing document was served upon counsel of record on May 20, 2024, by electronic and/or ordinary mail.

s/Johnetta Curry-Williams
Case Manager